IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEAHANNE PRINZI,                        )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      Civil Action No. 24-20-E
                                        )
COMMISSIONER OF SOCIAL SECURITY,        )
                                        )
                                        )
            Defendant.                  )

O R D E R

AND NOW, this 2nd day of December, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*, and finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.   *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court

1

may neither reweigh the evidence, nor reverse, merely because it would have decided the

claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff argues that the Administrative Law Judge ("ALJ") failed to adequately evaluate the opinion of Dr. Amanda White, Psy.D.   (Doc. No. 11).   Specifically, Plaintiff contends that the ALJ's residual functional capacity ("RFC") finding did not properly take into consideration Dr. White's opined mental limitations and that the ALJ did not adequately analyze the supportability factor in assessing Dr. White's opinion.   (*Id.* at 7-13).   The Court disagrees with Plaintiff and finds instead that substantial evidence supports the ALJ's RFC finding and his ultimate determination that Plaintiff is not disabled.

The Court rejects Plaintiff's argument that the ALJ failed to properly evaluate Dr. White's opinion.   As Plaintiff mentions, the two most important factors the ALJ considers when evaluating medical opinions are supportability and consistency.   82 Fed. Reg. at 5853; *see also* 20 C.F.R. §§ 404.1520c(b) and (c), 416.920c(b) and (c).   One court has explained the distinction between supportability and consistency thus: "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record."   *Cook v. Comm'r of Soc. Sec.*, No. 6:20-CV-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).   The record shows that the ALJ adequately evaluated the supportability and consistency factors.   Indeed, when analyzing Dr. White's opinion, the ALJ noted the following, in relevant part:

> During her mental status examination, Dr. White observed the claimant was cooperative, had a fair manner of relating, and appeared casually dressed, and fairly groomed.   In addition, her posture and motor behavior were normal and she demonstrated appropriate eye contact.   Further examination showed the claimant's speech was fluent and clear with adequate expressive and receptive language and her thought process was coherent and goal-directed with no evidence of hallucinations, delusions, or paranoia.   Dr. White also observed the claimant's affect was depressed and anxious but she was fully oriented with a clear sensorium.   However, her attention, concentration, and memory were impaired and she appeared to be functioning in the below average range of intelligence.   Dr. White then noted the claimant's reports that she was able to dress, bathe, and groom herself, cook twice a week, clean once a week, wash laundry once a week, and shop for groceries with someone else.   The claimant also reported that she managed her own money and socialized a bit but was not close with her family.   Based on the foregoing, Dr. White diagnosed the claimant with generalized anxiety disorder and an unspecified depressive disorder.   She

then determined her impairments resulted in moderate limitations on her
ability to make judgments on simple work-related decisions and understand,
remember, and carry out complex work-related decisions, as well as marked
limitations on her ability to make judgments on complex work-related
decisions.    Finally, Dr. White found her impairments resulted in mild
limitations on her ability to interact appropriately with the public,
coworkers, and supervisors and her ability to respond appropriately to usual
work situations and to changes in a routine work setting.    (Ex. 6F/2-8).

* * *

The opinions of Dr. White, Dr. Schiller, and Dr. Ondis are all somewhat
but again not fully persuasive because the conclusion that the claimant
does not have a disabling mental health impairment is consistent with her
lack of professional mental health treatment and records from Dr. Beck,
who consistently described the claimant's impairments as stable and
required no changes in her medication regimen.    Nevertheless, given the
claimant's allegations of anxiety characterized by shaking and her
tendency to stay home due to fear of having a seizure, the undersigned has
added additional limitations on her ability to interact with others.
Additionally, the undersigned finds a restriction to simple and routine
work is warranted by her mild cognitive dysfunction and subjective
complaints of memory difficulties.

(R. 28-29).

As the above analysis shows, the ALJ adequately evaluated the consistency and
supportability factors in relation to Dr. White's opinion.    As to consistency, the ALJ
stated that Dr. White's opinion that Plaintiff does not have a disabling mental health
impairment was consistent with the rest of the record, which showed a lack of
professional mental health treatment, and with records describing her impairments as
stable and showing no changes in her medication.    As to supportability, the ALJ
thoroughly analyzed Dr. White's opinion and observations during the mental status exam
and showed that these observations did not align with Dr. White's ultimate conclusions.
For instance, the ALJ explained that Dr. White's findings were mainly unremarkable,
including that Plaintiff was cooperative, demonstrated appropriate eye contact, and her
thought process was coherent, but these did not completely align with Dr. White's
conclusions, including that Plaintiff had moderate and marked limitations.    (*Id.*).
Accordingly, the ALJ adequately evaluated the entirety of Dr. White's opinion in giving
it full consideration in accordance with the regulations.

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED

s/Mark R. Hornak, J.
United States District Judge

ecf:        Counsel of record

---

The Court likewise rejects Plaintiff's argument that the ALJ's reliance on Plaintiff's stability with medication was insufficient to justify a finding of consistency between Dr. White's opinion and the rest of the record.   (Doc. No. 11 at 11-12).   Plaintiff contends that "stable" does not equate to "improved."   (*Id.* (citing, *inter alia, Morales v. Apfel*, 225 F.3d 310, 319 (3d Cir. 2000)).   However, Plaintiff overlooks that the ALJ may consider the effectiveness of medication in assessing the RFC.   *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv).   Moreover, unlike in *Morales*, the ALJ here did not supplant his lay opinion by concluding that the claimant could return to work because he was stable and well controlled with medication.   *Morales*, 225 F.3d at 319.   Instead, here, the ALJ noted that Dr. Pamela Beck, D.O., consistently described Plaintiff's impairments as stable and that she required no changes in her medication regimen and the ALJ used this as evidence from the rest of the record to show inconsistency with Dr. White's opinion.   This was a proper consistency analysis. *See Cook*, 2021 WL 1565832, at *3 (stating "consistency relates to the relationship between a medical source's opinion and other evidence within the record."). Accordingly, Plaintiff's argument on this point fails.

The Court also rejects Plaintiff's argument that the hypothetical posed to the vocational expert ("VE") was in error.   (Doc. No. 11 at 12-13).   Plaintiff contends the hypothetical improperly omitted Plaintiff's marked limitation in her ability to make judgments on complex work-related decisions, as opined by Dr. White.   (*Id.*).   The Court views this argument as part and parcel of the Plaintiff's objections to the RFC determination as "objections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself."   *Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005).   As analyzed above, substantial evidence supports the ALJ's RFC assessment, and because the operative hypothetical accurately conveyed Plaintiff's RFC, the ALJ appropriately relied upon the vocational expert's response.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.